UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case No.

STEM HOLDINGS, INC.,

Plaintiff,

          vs.

BLAKE INVESTMENT GROUP, INC.

Defendant.

_____/

## COMPLAINT

Plaintiff STEM HOLDINGS, INC. ("STEM"), through undersigned counsel, files its

Complaint against Defendant BLAKE INVESTMENT GROUP, INC. ("BLAKE") and states:

## NATURE OF THE ACTION

1.      This is a civil action for breach of contract with damages in excess of $75,000.00.

## THE PARTIES

2.      Plaintiff STEM is a Nevada corporation.

3.      Defendant BLAKE is a Colorado corporation.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action which arises under 28

U.S.C.A. § 1332 by reason of diversity of citizenship, and the amount in controversy, exclusive of

interests and costs, exceeds the sum or value of $75,000.

5.      This Court has personal jurisdiction over Defendant BLAKE because Defendant

BLAKE entered into a contract whereby Defendant BLAKE submitted to the jurisdiction of the

49609940

federal court of the Southern District of Florida for the purpose of any suit, action or other proceedings arising out of the contract.

6.      Venue and jurisdiction are proper as to Defendant because on April 5, 2021, BLAKE signed a Non-Negotiable Convertible Promissory Note in favor of STEM ("Note"), which contained a forum selection clause providing for venue and jurisdiction in the Southern District of Florida. A copy of the Note is attached as EXHIBIT "A".

7.      Paragraph 12 of the Note states, in relevant part:

> In the event of any dispute arising out of or relating to this Note… the parties (a) hereby irrevocably and unconditionally submit to the jurisdiction of the federal courts located within the geographic boundaries of the United States District Court of Southern Florida for the purpose of any suit action or other proceeding arising out of or based upon this Note.

8.      Moreover, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in the Southern District of Florida in that payment under the Note was to be made in Southern District of Florida.

**COUNT ONE**
**BREACH OF NOTE**

9.      STEM realleges and incorporates the allegations contained in the paragraphs 1- 8 above as if said allegations were fully set forth herein.

10.      BLAKE entered into the Note with STEM.  *See* EXHIBIT "A"

11.      Pursuant to the Note, STEM loaned BLAKE $250,000.

12.      STEM provided the loan to BLAKE to acquire real estate located at 40444 Bush Road, Avondale, CO 81022 ("Real Property").

13.      The acquisition of the real estate was described as the "Arkannabis Transaction".

14.      Pursuant to the Note, BLAKE is required to pay all outstanding principal and interest on the Note six (6) months after the close of the Arkannabis Transaction.

49609940

15.     The Real Property was sold to a third party, who was unrelated to BLAKE.

16.     As the Real Property was sold to an unrelated third party, BLAKE is unable to close

on the Arkannabis Transaction and is unable to acquire the Real Property.

17.     Because BLAKE is unable to close the Arkannabis Transaction, BLAKE breached

the terms of the Note because BLAKE will never be able to pay all outstanding principal and

interest on the Note six (6) months after the close of the Arkannabis Transaction.

18.     Because of BLAKE's breach of the Note, STEM has suffered damages in the

amount of $250,000 plus interest as well as all other sums accruing under the Note.

19.     All conditions precedent to this action have occurred or have been waived.

20.     STEM has retained the law firm of Greenspoon Marder LLP to represent it in this

action and is obligated to pay a reasonable fee for said services.

WHEREFORE, Plaintiff STEM HOLDINGS, INC. respectfully requests that the Court

enter judgment against Defendant BLAKE INVESTMENT GROUP, INC. for damages, attorneys'

fees, costs, and all other relief to which it is entitled and such other or additional relief as is just

and proper.

Dated: March 30, 2022.

GREENSPOON MARDER LLP
2255 Glades Road, Suite 400-E
Boca Raton, FL 33431
Telephone:     (954) 491-1120
Facsimile:     (954) 343-6972
Email : Dariel.Abrahamy@gmlaw.com


By:     s/ DARIEL ABRAHAMY
        DARIEL J. ABRAHAMY
        Florida Bar No. 0014901

3

49609940

# EXHIBIT "A'

DocuSign Envelope ID: 14DA17BB-4D4C-4E63-88C8-C3AEA82F59CB

THIS NON-NEGOTIABLE PROMISSORY NOTE HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 OR ANY STATE SECURITIES LAWS. THIS NONNEGOTIABLE PROMISSORY NOTE MAY NOT BE SOLD, ASSIGNED, OR OTHERWISE NEGOTIATED TO ANY PERSON UNLESS PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT FILED UNDER THE SECURITIES ACT OF 1933 AND APPLICABLE STATE SECURITIES LAWS, OR UNLESS MAKER RECEIVES AN OPINION OF COUNSEL, IN FORM AND FROM COUNSEL ACCEPTABLE TO MAKER, THAT THE SALE, ASSIGNMENT, OR OTHER NEGOTIATION IS EXEMPT FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT OF 1933 AND APPLICABLE STATE SECURITIES LAWS.

## NON-NEGOTIABLE CONVERTIBLE PROMISSORY NOTE

Up to $250,000.00                                     4/5/2020 (the "Effective Date")

**FOR VALUE RECEIVED,** this Non-Negotiable Promissory Note ("Note") is made by Blake, Inc. a corporation with a notice address of 1136 Cherokee St Denver CO 80204 ("Maker"), in favor of Stem Holdings, Inc., a Nevada corporation with a notice address of 2201 NW Corporate Blvd., Suite 205 Boca Raton, Florida 33431 ("Holder"), or such other place as may be designated in writing by Holder.

1. Loan Amount. Subject to the terms and conditions of this Note, Maker promises to pay Holder all of the outstanding principal on this Note, together with interest on the unpaid principal balance, the date that is six (6) months after the close of the Arkannabis Transaction, and payments of principal and interest shall be payable as follows:

   a. Holder agrees to make a loan to Maker upon request of Maker in an aggregate amount not to exceed the principal sum of $250,000.00 U.S. Dollars.

   b. Payment of principal and interest shall be made in immediately available fund in lawful currency of the United States of America at the offices of Holder or at such other place as Holder shall have designated to Maker in writing.

   c. Time is of the essence of this Note with respect to all dates and time periods set forth herein.

   d. This Note may be prepaid in whole or in part at any time without premium or penalty. Any partial prepayment shall be applied against the principal amount outstanding.

   e. The unpaid principal amount outstanding under this Note shall bear interest commencing upon the advance at the rate of 5.75% per annum through the Maturity Date, calculated on the basis of a 365-day year, until the entire indebtedness evidenced by this Note is fully paid.

2. No Negotiation. This Note is non-negotiable and may not be sold, assigned, or otherwise negotiated to any person without the prior written consent of Holder, which Holder may withhold in Holder's sole discretion.

DocuSign Envelope ID: 14DA17BB-4D4C-4E63-88C8-C3AEA82F59CB

3.  Use of Proceeds. Maker shall use the proceeds of this Note solely for the deposit for real property located in Denver Colorado.

4.  Events of Default. Each of the following is an Event of Default under this Note:

    a.  Maker fails to make any payment required by this Note when due, and such failure continues for 15 calendar days after Holder notifies Maker of the failure to make the payment when due;

    b.  Maker voluntarily dissolves or ceases to exist, or any final and non-appealable order or judgment is entered against Maker ordering its dissolution;

    c.  Maker: (i) makes an assignment for the benefit of creditors; (ii) commences an involuntary bankruptcy case; (iii) files a petition or answer seeking for Maker any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law, or rule; (iv) files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against Maker in any proceeding of this nature; or (v) seeks, consents to, or acquiesces in the appointment of a trustee, receiver, or liquidator of Maker or of all or any substantial part of Maker's properties;

    d.  an involuntary bankruptcy case against Maker is commenced and is not dismissed on or before the 120th calendar day after the commencement of the case; and

    e.  a court: (1) adjudicates Maker as bankrupt or insolvent; or (2) appoints, without Maker's consent, a trustee, receiver, or liquidator either of Maker or of all or any

DocuSign Envelope ID: 14DA17BB-4D4C-4E63-88C8-C3AEA82F59CB

substantial part of Maker's properties that is not: (i) vacated or stayed on or before the 90th day after appointment; or (ii) vacated on or before the 90th calendar day after expiration of a stay.

5.   Remedies.   Upon the occurrence of an Event of Default and while an Event of Default is continuing, Holder, by written notice to Maker (the "Default Notice"), will then have the option to declare this Note immediately due and payable, the entire unpaid principal balance of and all accrued and unpaid interest, or exercise any or all other rights provided in this Note or at law or in equity.

6.   Waiver.

    a.   Maker and all other persons who are or may become liable for all or any part of the indebtedness evidenced by this Note (i) waive presentment, protest, notice of dishonor, notice of intent to accelerate, notice of acceleration, diligence in collection, and any and all other notices and defenses except payment, (ii) consent to any extensions of time for payment and the release of any party liable for payment of this Note, without notice to any of such parties and without discharging any party's liability under this Note, and (iii) **waive the right to a jury trial in any proceeding related to this Note.**

    b.   No waiver will be binding on Holder unless it is in writing and signed by Holder. The failure of Holder to exercise any of the remedies or options in this Note or otherwise allowed by law upon any default shall not waive the right to exercise any remedy or option at any subsequent time with respect to the same or any other default. The acceptance by Holder of any payment that is less than the total amount due and payable at the time of such payment shall not constitute a waiver of the right to exercise any remedies or options at that time or at any subsequent time or nullify any prior exercise of any remedy or option.

7.   Severability.   In case any one or more of the provisions contained in this Note is for any reason held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Note, and such invalid, illegal, or unenforceable provision shall be reformed and construed so that it will be valid, legal, and enforceable to the maximum extent permitted by law.

8.   Amendment. This Note may be amended only by a written document signed by the party against whom enforcement is sought.

9.   Titles and Subtitles. The titles of the paragraphs and subparagraphs of this Note are for convenience of reference only and are not to be considered in construing this Note.

DocuSign Envelope ID: 14DA17BB-4D4C-4E63-88C8-C3AEA82F59CB

10.  Notices.  All notices, requests and demands required under this Note shall be in writing and shall be deemed effectively given: (i) when sent by confirmed facsimile or electronic mail, if sent during normal business hours of the recipient, if not, then on the next business day; (ii) when served personally to the party to be notified; (iii) five days after having been sent by registered or certified mail, return receipt requested, postage prepaid; or (iv) one day after deposit with a nationally recognized overnight courier, specifying next day delivery, with written verification of receipt. All communications to the Holder or Maker shall be sent to the addresses set forth in the first paragraph or at such other address as such party may designate to the other party hereto.

11. Governing Law.  This Note shall be governed and construed in accordance with the laws of the state of ___Florida_____          .

12. Venue.

a.  In the event of any dispute arising out of or relating to this Note, the affected party shall promptly provide written notice to the other party ("Dispute Notice Date") and the parties without delay, shall attempt in good faith to resolve the matter. In the case that any disputes are not resolved within sixty (60) business days of the Dispute Notice Date or within sixty (60) business days following a failed dispute resolution, the parties shall then proceed to schedule a non-binding mediation and shall mutually select a qualified mediator and an acceptable time and location for mediation. In the event mediation fails, the parties (a) hereby irrevocably and unconditionally submit to the jurisdiction of the federal courts located within the geographic boundaries of the United States District Court for the District of   Southern Florida for the purpose of any suit, action or other proceeding arising out of or based upon this Note, (b) agree not to commence any suit, action or other proceeding arising out of or based upon this Note except in the federal located within the geographic boundaries of the United States District Court for the District of   Southern Florida, and (c) hereby waive, and agree not to assert, by way of motion, as a defense, or otherwise, in any such suit, action or proceeding, any claim that it is not subject personally to the jurisdiction of the above-named courts, that its property is exempt or immune from attachment or execution, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of the suit, action or proceeding is improper or that this Note or the subject matter hereof may not be enforced in or by such court. Each of the parties to this Note consents to personal jurisdiction for any equitable action sought in the U.S. District Court for the District of  Southern Florida. THE PARTIES DO HEREBY KNOWINGLY,  VOLUNTARILY AND INTENTIONALLY WAIVE THEIR RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY CLAIM OR LITIGATION BASED HEREON, OR ARISING OUT OF, OR UNDER OR IN CONNECTION WITH THIS NOTE, OR ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ANY ACTIONS OF EITHER PARTY ARISING OUT OF OR REALTED IN ANY MANNER WITH THIS NOTE.  THIS WAIVER IS MATERIAL AND SHALL SURVIVE THE TERMIANTION OF THIS NOTE.

DocuSign Envelope ID: 14DA17BB-4D4C-4E63-88C8-C3AEA82F59CB

b.   Maker and Holder waive the defense of illegality with respect to this note or the matters contemplated herein.

13. Attorneys' Fees.

a.   Maker agrees that if, and as often as, this Note is placed in the hands of an attorney for collection or to defend or enforce Holder's rights to payment hereunder, Maker shall pay to Holder hereof its reasonable attorneys' fees, together with all court costs and other expenses incurred and paid by such Holder.

b.   If any dispute, controversy, claim, action, suit, or proceeding is instituted to interpret, enforce, or rescind this Note, or otherwise in connection with the subject matter of this Note, including but not limited to any proceeding brought under the United States Bankruptcy Code, the prevailing party on a claim will be entitled to recover with respect to the claim, in addition to any other relief awarded, the prevailing party's reasonable attorney's fees and other fees, costs, and expenses, incurred in connection with the arbitration, action, suit, or proceeding, any appeal or petition for review, the collection of any award, or the enforcement of any order, as determined by the arbitrator or court.

14. Conversion.

Automatic Conversion upon the closing of the Arkannabis business of the outstanding principal and interest on this Note will convert into that number of shares of the equity securities equivalent to a non-dilutive 12.5% of the issued and outstanding shares. Holder agrees in connection with the conversion of this Note to execute all necessary documents in connection with executing a definitive purchase agreement, investor rights agreement and such other financing agreements as shall be agreed upon by Maker.

b.        Effect of Conversion.        Upon conversion of this Note provided that the securities issued upon such conversion are duly and validly issued and are nonassessable, Maker will be forever released and discharged from all of its obligations and liabilities under this Note, including without limitation the obligation to pay the outstanding principal amount and accrued interest. No fractional shares shall be issuable by Maker upon conversion of this Note. In lieu of any fractional share which would otherwise be issuable upon conversion of this Note, Maker shall pay to Holder an amount in cash equal to the product of such fraction multiplied by the Per Share Price. Upon conversion of this Note, Holder shall surrender this Note, duly endorsed, at the principal offices of Maker or to any transfer agent of Maker. Following such surrender, Maker will, at its expense, issue and deliver to Holder a certificate or certificates for the securities to which Holder is entitled as a result of such conversion and a check payable to Holder for any cash amounts payable in lieu of any fractional share in accordance with this section.

DocuSign Envelope ID: 14DA17BB-4D4C-4E63-88C8-C3AEA82F59CB

IN WITNESS WHEREOF, the undersigned Maker has executed this Note on the date indicated above.

**(CAUTION: SIGN ORIGINAL NOTE ONLY/RETAIN COPY)**

MAKER:
Blake Investment Group
, Inc. a Colorado Corporation

DocuSigned by:

*Blake Dimeo*

By: _____
5FD0968D06A341D...

Name: Blake Dimeo

Title:     President

KEEP THIS NOTE IN A SAFE PLACE.